UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILLIAM E. MOYLER JR.,** <br><br> Plaintiff, <br><br> v. <br><br> **SECURITAS SERVICES USA, Inc.,** <br><br> Defendant. | Case No. 25-cv-00911 (CRC) |

**OPINION**

Plaintiff William E. Moyler, Jr., brings this pro se action against his former employer Securitas Services USA, Inc., alleging that Securitas discriminated against him during his hiring process and then wrongfully terminated him.  Securitas moves to compel arbitration of Moyler's claims.  Although the Court instructed Moyler that if he failed to respond to Securitas's motion, the Court may deem the matter conceded, Moyler has not opposed the motion.  See Fox/Neal Order, ECF No. 7.  Accordingly, the Court will grant Securitas's motion as conceded and because, on the Court's own review of the materials submitted by Securitas, Moyler agreed to arbitrate the claims he now raises.

The Federal Arbitration Act ("FAA") provides that a provision in a contract requiring the arbitration of disputes related to the contract "shall be valid."  9 U.S.C. § 2.  The D.C. Circuit has held that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  Wolff v. Westwood Mgmt., LLC, 558 F.3d 517, 520 (D.C. Cir. 2009). Notwithstanding a prior agreement to arbitrate, plaintiffs often attempt to resolve disputes in

federal court.  Section 4 of the FAA provides a remedy for the defendant: "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."  9 U.S.C. § 4.

Such a petition is often called a motion to compel arbitration, and is properly resolved under the summary judgment standard.  Aliron Intern., Inc. v. Cherokee Nation Indus., Inc., 531 F.3d 863, 865 (D.C. Cir. 2008).  The Court may consider evidence outside of the Complaint and shall grant the motion if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  And in making this determination, the Court shall view the facts "in the light most favorable to the nonmoving party."  Chambers v. U.S. Dept. of Interior, 568 F.3d 998, 1000 (D.C. Cir. 2009).

Securitas's motion demonstrates that Moyler agreed to a mandatory arbitration agreement covering his claims.  See Mot. to Compel Arbitration, Ex. 1 ("Dispute Resolution Agmt."). Moyler worked as an unarmed security officer at Securitas from September to November 2024. Id. at 1 (citing Compl. at 1, 8).  On his first day of work, he signed a dispute resolution agreement in which he agreed to arbitrate "any dispute arising out of or related to [his] employment with Securitas Security Services USA, Inc. or one of its affiliates, subsidiaries or parent companies . . . or termination of employment" which expressly "survive[d] after the employment relationship terminate[d]."  Dispute Resolution Agmt. at 1.

In his complaint, Moyler alleges that he was "discriminated against by the interviewer" who assessed him for a position with Securitas.  Compl. at 1.  He also claims he was wrongfully terminated after complaining about the lack of professionalism exhibited by other Securitas

2

employees. Id. at 8. These claims plainly fall within the scope of his mandatory arbitration agreement.

For the foregoing reasons, the Court finds that Moyler entered into a valid and enforceable arbitration agreement with Securitas covering the claims in this case. The Court will therefore grant Securitas's Motion to Compel Arbitration and stay the case.[1] A separate Order accompanies this Memorandum Opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: June 16, 2025

---

[1] The Court has previously noted a circuit split on the issue of whether district courts must stay proceedings after all claims have been referred to arbitration, or whether they retain the discretion to dismiss such cases outright. See Goodrich v. Adtrav Travel Mgmt., Inc., 2016 WL 4074082 at *4 n. 3 (D.D.C. 2016). Several circuits have held that a stay must be entered. See, e.g., Katz v. Cellco Partnership, 794 F.3d 341, 345–46 (2d Cir. 2015) (holding that a stay must be entered and noting that the Seventh, Tenth, and Eleventh Circuits have held so as well). Others have found that district courts enjoy the discretion to dismiss the action. See id. (noting that the First, Fifth, and Ninth Circuits provide discretion to the district courts to dismiss).

The Court will stay the proceedings, which is in line with this Court's prior decisions in Goodrich and Selden v. Airbnb, Inc., No. 16-CV-00933 (CRC), 2016 WL 6476934, at *9 (D.D.C. Nov. 1, 2016), aff'd, 4 F.4th 148 (D.C. Cir. 2021), as well as recent cases in this district. E.g., Ruiz v. Millennium Square Residential Assoc., 156 F. Supp. 3d 176, 184 (D.D.C. 2016); White v. Four Seasons Hotels and Resorts, 999 F. Supp. 2d 250, 261–262 (D.D.C. 2013). The Court will order the parties to file status reports every six months beginning July 16, 2025, and to otherwise notify the Court promptly after any arbitration award.